S. V. BOOHER, Respondent, v. ADAMS COUNTY FARMERS MUTUAL FIRE & LIGHTNING INSURANCE COMPANY, a Corporation, Appellant.

(208 N. W. 104.)

**Insurance — finding that insured buildings were occupied within ten days prior to fire sustained by evidence.**

For reasons stated in the opinion it is held that there is sufficient evidence to support the verdict of the jury upon the question of the occupancy of the premises within the terms of a fire insurance policy.

Opinion filed February 25, 1926.

Appeal and Error, 4 C. J. § 2841 p. 866 n. 51. Fire Insurance, 26 C. J. § 759 p. 543 n. 15.

Appeal from the District Court of Adams County, *Pugh*, J. Affirmed.

*F. M. Jackson*, for appellant.

It is uniformly held that a condition or stipulation in a policy of fire insurance, providing that the same shall be rendered void if the premises insured shall remain vacant and unoccupied for a specific length of time, is a reasonable and binding condition, and should the premises be destroyed by fire while vacant and unoccupied, for a longer time than that provided in the policy, the insurer will be discharged from paying the indemnity therein provided. Bias v. Globe & R. F. Ins. Co. (W. Va.) 8 A.L.R. 373.

The words vacant or unoccupied in an insurance policy must be construed with respect to the adaptability of the building insured. Limburg v. German F. Ins. Co. (Iowa) 23 L.R.A. 99.

Occupancy, as applied to such buildings (dwelling house and barn) implies an actual use of the house as a dwelling place, and such use of the barn as is ordinarily incident to a barn, belonging to an occupied house, or at least something more than a use of it for a storage.    Ashworth v. Builders Mut. Ins. Co. 112 Mass. 422.

*Jacobsen & Murray,* and *Paul W. Boehm,* for respondent.

Where the husband of a tenant of a building and his hired man slept in the building after the tenant had removed the greater part of the furniture, but leaving a part, and the husband left on the premises his horses and chickens, etc., the house was not vacant or unoccupied within a fire policy stipulating that it should be void if the building became vacant or unoccupied, and so remained for ten days.    26 C. J. 213, § 258.

The fact that furniture is left in the building keeps it from becoming vacant and with other facts may be sufficient to establish occupancy. 26 C. J. 216, § 263.

Where a fire insurance policy provides that it shall be void if the building insured is vacant or unoccupied, and so remain for ten days, it is no defense that the building was not occupied continuously for ten days previous to the fire, if it was occupied when the loss occurs. If the loss occurred during the prohibited vacancy, there could be no recovery but reoccupancy revives the insurance.    Silver v. London Assur. Corp. (Wash.) 112 Pac. 666.

In determining whether premises become vacant so as to avoid the policy of insurance, consideration is given to their character and use to which they are being put.    Corey v. Nat. Union F. Ins. Co. (Cal.) 161 Pac. 35.

PER CURIAM.    Plaintiff sues to recover on a policy of fire insurance, the building covered having been destroyed by fire on or about June 4, 1924.    The jury returned a verdict for the plaintiff.    The defendant appeals from the judgment and challenges the sufficiency of the evidence.    Other errors are specified in the assignments, but the only one argued relates to the sufficiency of the evidence to support the verdict

upon the question of the occupancy of the premises at the time of the loss, and the value of the property.

The building was a small dwelling house located on a farm in Adams county. The place had been occupied until the latter part of April, 1924. The policy contained a stipulation that it should be void if the property remained unoccupied for ten days. The defendant contends that the building was unoccupied from the latter part of April, until and up to the time of the fire. The plaintiff claims that he rented the property to some transients who occupied the same within ten days prior to the fire. The company asserts that the evidence is wholly insufficient to show any such occupancy.

The plaintiff testifies to the leasing of the property to the transients, and his testimony in that regard is corroborated by other witnesses; one witness testifies that he saw two men on the premises sometime during the last three days of May. The witnesses described the outfit kept there by the men. The trial court was of the opinion that the evidence was sufficient to support the verdict and there being a conflict therein, the question of its sufficiency was for the jury. We think that in this, the trial court was correct. The evidence is in dispute, but there is enough in the record to support the finding that the premises were occupied in fact within ten days prior to the fire, and also as to the value of the property.

There is no merit in any of the questions urged on this appeal. The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.